UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

BERNARD SENNETTE,

    Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, BERNARD SENNETTE ("SENNETTE"), by and through his undersigned counsel, hereby sues HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("HARTFORD"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. SENNETTE brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan, and to clarify his rights to benefits under the terms of the plan.

2. SENNETTE was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. HARTFORD is a corporation with its principal place of business in the State of

      Connecticut that is authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, HARTFORD, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to SENNETTE by HARTFORD.

6. SENNETTE was at all times material an employee of or former employee of The Lubrizol Corporation.

7. By way of his employment, SENNETTE was at all times material a plan participant under Long Term Disability Insurance Policy GLT-681436 (the "LTD Policy"), which is a group Long Term Disability Insurance Policy/Plan issued by HARTFORD to The Lubrizol Corporation, which is the Policyholder. It is pursuant to Policy GLT-681436 to which SENNETTE is entitled to benefits. A copy of Policy GLT-681436's Certificate of Insurance as provided by HARTFORD to SENNETTE is attached as Exhibit "A".

8. The LTD Policy is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. HARTFORD is the insurer of benefits under the LTD Policy and was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, HARTFORD administered the claim with a conflict of interest and the bias this created affected the claim's determination. As

such, HARTFORD is not entitled to a deferential standard of review.

11. HARTFORD is the fiduciary charged with making benefit determinations under the LTD Policy, including the determinations made on SENNETTE's claim at issue.

12. Pursuant to the terms and conditions of the LTD Policy, SENNETTE is entitled to LTD benefits for the duration of his disability, or until age 67, so long as he remains disabled as required under the terms of the LTD Policy.

13. According to the LTD Policy,

> **Disability or Disabled** means You are prevented from performing one or more of the Essential Duties of:
> 1) Your Occupation during the Elimination Period;
> 2) Your Occupation, for the 2 year(s) following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-disability Earnings; and
> 3) after that, Any Occupation.
>
> If at the end of the Elimination Period, You are prevented from performing one or more of the Essential Duties of Your Occupation, but Your Current Monthly Earnings are equal to or greater than 80% of Your Pre-disability Earnings, Your Elimination Period will be extended for a total period of 12 months from the original date of Disability, or until such time as Your Current Monthly Earnings are less than 80% of Your Pre-disability Earnings, whichever occurs first. For the purposes of extending Your Elimination Period, Your Current Monthly Earnings will not include the pay You could have received for another job or a modified job if such job was offered to You by Your Employer, or another employer, and You refused the offer.
>
> Your Disability must result from:
> 1) accidental bodily injury;
> 2) sickness;
> 3) Mental Illness;
> 4) Substance Abuse; or
> 5) pregnancy.
> Your failure to pass a physical examination required to maintain a license to perform the duties of Your Occupation, alone, does not mean that You are Disabled.

14. At all relevant times, SENNETTE complied with all conditions precedent and exhausted all required administrative remedies under the LTD Policy.

15. Since on or around October 22, 2023, SENNETTE has been disabled under the terms of the LTD Policy.

16. Since on or around October 22, 2023, as a result of accidental bodily injury, sickness, mental illness, or substance abuse, SENNETTE has been prevented from performing one or more of the Essential Duties of his Occupation and as a result his current monthly

earnings have been less than 80% of his Indexed Pre-Disability Earnings.

17. Since on or around October 22, 2023, as a result of accidental bodily injury, sickness, mental illness, or substance abuse, SENNETTE has been prevented from performing one or more of the Essential Duties of Any Occupation, as such is defined by the policy.

18. At all relevant times, SENNETTE has been under the appropriate and regular care and treatment of a physician.

19. At all relevant times, SENNETTE was a Covered Person under the LTD Policy.

20. Shortly after becoming disabled, SENNETTE made a claim under the LTD Policy for disability benefits and benefits were eventually paid for the period of April 20, 2024 through July 3, 2025.

21. By letter dated July 3, 2025, SENNETTE was informed by HARTFORD that continued benefits beyond July 3, 2025 would be denied as HARTFORD had concluded that the evidence submitted in support of his claim did not establish that SENNETTE continued to meet the LTD Policy's definition of Disability beyond July 3, 2025.

22. SENNETTE properly and timely submitted an appeal to challenge HARTFORD's July 3, 2025 denial letter.

23. By letter dated December 16, 2025, HARTFORD notified SENNETTE it was upholding its decision to deny his claim as of July 4, 2025 as HARTFORD again opined that it found that the available medical information failed to support any restrictions and limitations as of July 4, 2025.  This December 16, 2025 correspondence also informed SENNETTE that HARTFORD's decision was final and that all administrative remedies available under the policy had been exhausted.

24. At all relevant times, SENNETTE complied with all conditions precedent and exhausted

all administrative remedies under the LTD Policy.

25. As of July 4, 2025, SENNETTE has not received benefits owed to him under the LTD Policy, despite SENNETTE's right to these benefits.

26. HARTFORD has refused to pay LTD benefits beyond July 3, 2025.

27. At all relevant times, HARTFORD was the payer of benefits.

28. At all relevant times, HARTFORD was the "Insurance Company" responsible for the LTD Policy.

29. At all relevant times, HARTFORD was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

30. At all relevant times, SENNETTE has been and remains Disabled and entitled to LTD benefits from HARTFORD under the terms of the LTD Policy.

31. SENNETTE has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

32. SENNETTE incorporates Paragraphs 1 through 31 as if fully set forth herein.

33. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

34. Pursuant to 29 U.S.C. §1132(a)(1)(B), SENNETTE, as a participant under the LTD Policy, is entitled to sue for judicial determination and enforcement of benefits.

35. SENNETTE has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of HARTFORD's failure to pay him continued long term disability benefits.

36. SENNETTE has exhausted all administrative remedies under the LTD Policy.

37. Defendant breached the LTD Policy and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to SENNETTE at a time when HARTFORD knew, or should have known, that SENNETTE was entitled to those benefits under the terms of the LTD Policy, as SENNETTE was disabled and unable to work and therefore entitled to benefits.

    (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Policy documents, in relation to the applicable facts and LTD Policy provisions, for the termination of SENNETTE's claim for LTD benefits;

    (c) After SENNETTE's claim was terminated in whole or in part, HARTFORD failed to adequately describe to SENNETTE any additional material or information necessary for SENNETTE to perfect his claim along with an explanation of why such material is or was necessary.

    (d) HARTFORD failed to properly and adequately investigate the merits of SENNETTE's disability claim and failed to provide a full and fair review of SENNETTE's claim.

38. SENNETTE believes and thereon alleges that HARTFORD wrongfully terminated his claim for disability benefits under the LTD Policy by other acts or omissions of which SENNETTE is presently unaware, but which may be discovered in this future litigation

and which SENNETTE will immediately make HARTFORD aware of once said acts or omissions are discovered by SENNETTE.

39. Following the termination of benefits under the LTD Policy, SENNETTE exhausted all administrative remedies required under ERISA, and SENNETTE has performed all duties and obligations on his part to be performed under the LTD Policy.

40. As a proximate result of the aforementioned wrongful conduct of HARTFORD, SENNETTE has damages for loss of disability benefits in a total sum to be shown at the time of trial.

41. As a further direct and proximate result of this improper determination regarding SENNETTE's claim for benefits, SENNETTE, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), SENNETTE is entitled to have such fees and costs paid by HARTFORD.

42. The wrongful conduct of HARTFORD has created uncertainty where none should exist. As such, SENNETTE is entitled to enforce his rights under the terms of the LTD Policy and to clarify his right to future benefits under the terms of the LTD Policy.

**REQUEST FOR RELIEF**

WHEREFORE, BERNARD SENNETTE prays for relief against HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Policy, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Policy for so long as Plaintiff remains disabled under the terms of the LTD Policy;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claim's administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: January 27, 2026

          ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2625 Weston Road
Weston, FL  33331
Phone: (954) 620-8300
Fax: (954) 922-6864

*S/ Alexander A. Palamara*
ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com